

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00268-CR

---

**TONY DONNELL CURTIS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 24-4269, Honorable Reed A. Filley, Presiding

---

July 22, 2026

## MEMORANDUM OPINION

### Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Tony Donnell Curtis, appeals from a judgment convicting him of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams, within a drug-free zone.[1] However, the punishment range was enhanced to twenty-five to ninety-nine years or life imprisonment, based on

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.115(c).

Appellant's habitual offender status.[2]  By a single issue, Appellant argues that the evidence was legally insufficient to support the "true" finding for Appellant's second enhancing conviction.  We affirm.

## BACKGROUND

A grand jury indicted Appellant for possession of a controlled substance—namely methamphetamine—within 1000 feet of a school.  The indictment alleged two prior convictions, both for burglary of a habitation; one in Potter County in 1997 and one in Lubbock County in 2009.  A jury found Appellant guilty and the matter proceeded to the punishment phase.

During the punishment phase, Appellant pleaded "true" to the first enhancement from Potter County but "not true" to the second enhancement from Lubbock County.  Will Calfin, an investigator with the district attorney's office, testified that both the Potter County and Lubbock County judgments of conviction were for burglary of a habitation and that "Tony Curtis" was the defendant.  Calfin also reviewed the "pen packet" for each conviction, noting that both contained the name, date of birth, and description for Appellant, the same ORI number—TX221015C—and photograph of Appellant.  Calfin acknowledged that he did not compare fingerprints on the judgments.

Appellant testified that he was convicted of burglary of a building, not of a habitation, in Lubbock County.  Appellant agreed that the information in the pen packets was identical and consistent with his identifying information.  The jury found both

---

[2] *See* TEX. PENAL CODE §§ 12.34(a), 12.42(d).

2

enhancement paragraphs to be true and sentenced Appellant to twenty-five years in prison.

## SUFFICIENCY OF THE EVIDENCE

### APPLICABLE LAW & STANDARD OF REVIEW

Because Appellant challenges the legal sufficiency of the evidence to support a finding of true to the Habitual Offender enhancement under Texas Penal Code § 12.42(d), "we consider all the evidence in the light most favorable to the [jury's] finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt." *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016); *accord Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ); *see also Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). "We 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* Courts have identified several means by which the State may establish both elements, including through (1) the defendant's admission or stipulation, (2) testimony from a witness who was present when the defendant was previously

3

convicted and who can identify the defendant as the person who was previously convicted, (3) fingerprints supported by expert testimony that identifies the prints as those of the defendant, or (4) a judgment, pen packet, or other records that contain sufficient information or descriptors that show the defendant's identity or physical description, such as a photograph of the defendant. *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016); *Flowers*, 220 S.W.3d at 921–22; *see also Bartlome v. State*, No. 07-24-00141-CR, 2024 Tex. App. LEXIS 7543, at *4–5 (Tex. App.—Amarillo Oct. 23, 2024, no pet.) (mem. op., not designated for publication).

"The trier of fact weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant beyond a reasonable doubt." *Wood*, 486 S.W.3d at 589. The Court of Criminal Appeals likened this process to that of "a jigsaw puzzle where the pieces alone may have little meaning but when put together form a picture showing that the defendant is the person who committed the alleged prior offense." *Id.* (citing *Flowers*, 220 S.W.3d at 923).

**ANALYSIS**

Appellant argues, in essence, that because he denied the conviction for burglary of a habitation and the State did not offer a fingerprint comparison analysis, the evidence is insufficient to support the second enhancement via the Lubbock County conviction. However, fingerprints are only one of several means through which the State can prove the conviction. *See Henry*, 509 S.W.3d 918 (Tex. Crim. App. 2016); *Flowers*, 220 S.W.3d at 921–22; *see also Bartlome*, 2024 Tex. App. LEXIS 7543, at *4–5. Another means of

4

proving the conviction is through a judgment, pen packet, or other records that contain sufficient information or descriptors that show the defendant's identity or physical description, such as a photograph of the defendant. *See Henry*, 509 S.W.3d 918 (Tex. Crim. App. 2016); *Flowers*, 220 S.W.3d at 921–22; *see also Bartlome*, 2024 Tex. App. LEXIS 7543, at *4–5. That is precisely what the State presented here. Although Appellant denied that he was convicted of burglary of a habitation and believed it was burglary of a building, the jury was free to disbelieve his testimony and rely on the information contained in the judgments and pen packets. *See Wood*, 486 S.W.3d at 589. We conclude the State produced sufficient evidence that would permit a rational trier of fact to find that the Lubbock County conviction was in fact Appellant. We overrule Appellant's sole issue.

## CONCLUSION

The trial court's judgment is affirmed.

> Lawrence M. Doss
> Justice

Do not publish.